**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Osman J.M.A.,                                                                 Civil No. 26-2123 (DWF/DJF)

                    Petitioner,

v.
                                                                              **MEMORANDUM**
Todd Blanche, *Attorney General*;[1]                                          **OPINION AND ORDER**
Markwayne Mullin, *Secretary, U.S.*
*Department of Homeland Security*; Todd
M. Lyons, *Acting Director of Immigration*
*and Customs Enforcement*; and David
Easterwood, *Acting Director, St. Paul*
*Field Office Immigration and Customs*
*Enforcement*,

                    Respondents.


**INTRODUCTION**

This matter is before the Court on Petitioner Osman J.M.A.'s petition for a writ of

habeas corpus (the "Petition"). (Doc. No. 1.) Respondents filed a response asserting

authority to detain Petitioner under 8 U.S.C. § 1225(b)(2). (Doc. No. 5.) For the reasons

set forth below, the Court grants the Petition and orders Respondents to provide

Petitioner with a bond hearing.

---

[1]     Todd Blanche is automatically substituted in as the acting Attorney General. The
Clerk of Court is directed to replace Pamela Bondi with Todd Blanche on the docket.

## BACKGROUND

Petitioner is a citizen of Nicaragua and resident of Lewiston, Minnesota.  (Doc. No. 1 ¶¶ 7, 14.)  Petitioner has lived in the United States since October 2023.  (*Id.* ¶ 14.)  He was initially detained upon entering the country and subsequently released pursuant to an order for release on recognizance ("OREC").  (*Id.* ¶ 15; Doc. No. 6-2 at 3.)  He was also given a notice to appear ("NTA").  (Doc. No. 6-5.)

On March 4, 2026, Petitioner was detained by local law enforcement.  (Doc. No. 1 ¶ 18; Doc. No. 6 ¶ 7.)  This arrest prompted U.S. Immigration and Customs Enforcement ("ICE") to issue a warrant for his arrest.  (Doc. No. 6-1 at 2.)  Upon his release from state custody, he was arrested by ICE agents at the Winona County Jail.  (Doc. No. 1 ¶ 19; Doc. No. 6 ¶ 9.)  Petitioner was then transferred to the Sherburne County Jail in Elk River, Minnesota, where he remains.  (Doc. No. 1 ¶¶ 7, 20.)  He is currently in removal proceedings with a scheduled hearing date of June 4, 2027.  (Doc. No. 6-1 at 2.)

Petitioner asserts that ICE agents did not produce a warrant for the arrest, nor have Respondents provided any documentation since.  (Doc. No. 1 ¶ 19.)  Respondents provided documentation of the warrant for arrest that was served on March 6, 2026.  (Doc. No. 6-4.)  However, that warrant was served in Elk River, Minnesota, which suggests that the warrant for Petitioner's arrest was issued after he arrived at Sherburne County Jail, not upon the actual arrest.  (*See id.*)  Respondents also produced the immigration detainer noting that DHS determined probable cause existed to arrest him based on the ongoing removal proceedings and that DHS believed he posed a safety risk.  (Doc. No. 6-3.)

Petitioner filed the Petition on April 2, 2026. (Doc. No. 1 at 26.) Petitioner asserts that his detention is unlawful because it violates the Due Process Clause of the Fifth Amendment, the Fourth Amendment's protection against unlawful seizure, the Administrative Procedure Act, and the *Accardi* doctrine. (*Id.* ¶¶ 53-81.) Petitioner requests immediate release from detention or a bond hearing. (*Id.* at 25.) The Court ordered Respondents to answer the Petition on or before April 6, 2026, at 12:00 p.m. CT, and enjoined Respondents from moving Petitioner from this District pending further order. (Doc. No. 3.) Respondents timely filed the response. (Doc. No. 5.)

## DISCUSSION

A district court may provide habeas relief to a person who is being detained in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). That authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900-01 (D. Minn. 2020). The burden is on the petitioner to prove illegal detention by a preponderance of the evidence. *See Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154 (D. Minn. 2025).

Respondents argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and point to an Eighth Circuit case: *Avila v. Bondi*, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026). (Doc. No. 5 at 3-4.) In *Avila*, the Eighth Circuit interpreted § 1225(b)(2)(A) to require detention of any noncitizen present in the United States who has not been admitted, regardless of whether they are arriving at the border or within the interior, if an examining officer determines that the noncitizen seeking

3

admission "is not clearly . . . entitled to be admitted." *See Avila*, 2026 WL 819258, at \*3-4.  Respondents' statutory arguments are irrelevant because Petitioner already acknowledged *Avila*'s application and clarified that the Petition sought relief on other grounds.  (*See* Doc. No. 1 ¶¶ 30-32.)

Specifically, Petitioner challenges the constitutionality of his detention under the Due Process Clause.  (*Id.* ¶¶ 32-39.)  The *Avila* opinion did not address the issue of due process.  *See* 2026 WL 819258, at \*8 & n.8 (Erickson, J., dissenting).  Respondents were specifically directed to address each count of the Petition in their response.  (Doc. No. 3 ¶ 2.)  Respondents addressed only the INA argument.  (*See* Doc. No. 5.)  They have therefore waived any argument on the due process issue.  *See, e.g.*, *Pedro Eduardo R.P. v. Bondi*, No. 26-cv-1323, 2026 WL 473140, at \*3 (D. Minn. Feb. 17, 2026) (discussing waiver of constitutional claims), *report and recommendation adopted*, 2026 WL 478607 (D. Minn. Feb. 19, 2026).  Nonetheless, Petitioner would be entitled to relief under a due process analysis, as explained below.

No person within the United States—including noncitizens who entered unlawfully—shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V; *see Zadvydas*, 533 U.S. at 693.  Civil detention violates the Due Process Clause unless there is a "special justification" that "outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (citation modified).  To determine whether a civil detention violates a detainee's

due process rights, courts apply the three *Mathews* factors.[2]  *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976); *see, e.g.*, *Maldonado*, 795 F. Supp. 3d at 1148.  The three factors are:  (1) the private interest affected by the official action; (2) the risk of erroneous deprivation of such interest, and the probable value of additional or substitute procedural safeguards; and (3) the government's interest, including the burden of those additional or substitute safeguards.  *Mathews*, 424 U.S. at 335.  These factors favor Petitioner.

First, freedom from detention is a central due process protection.  *See Zadvydas*, 533 U.S. at 690 ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects."); *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004) ("[T]he most elemental of liberty interests [is] the interest in being free from physical detention by one's own government.").  Further, Petitioner was released previously pursuant to an OREC.  The government cannot revoke the OREC without due process.  *See, e.g.*, *Dos Santos Silva v. Warden, Lincoln Cnty. Det. Ctr.*, No. 26-cv-131, 2026 WL 926725, at *1 (D. Neb. Apr. 6, 2026) (explaining that the government cannot recategorize immigrants released pursuant to § 1226 without due process).

Second, without an individual assessment, the risk of erroneous deprivation is high.  *Cf. Yang v. Maydak*, No. 26-cv-116, 2026 WL 906670, at *9 (E.D. Ky. Apr. 2,

---

[2]     Use of the *Mathews* factors is appropriate here despite the Eighth Circuit's decision to bypass this test in *Banyee v. Garland*, 115 F.4th 928 (8th Cir. 2024).  *Banyee* analyzed the mandatory detention of a noncitizen pursuant to § 1226(c).  *See id.* at 930.  Here, Respondents invoke § 1225(b)(2)(A) to detain Petitioner.

2026) (granting habeas relief pursuant to § 1226 when petitioner was not afforded a bond hearing). And providing an individualized assessment as to the government's interest in detaining Petitioner would ameliorate that risk.

Third, the government's interest in detaining Petitioner is weak because they have not established that Petitioner is unlikely to appear or that he poses any threat to the community. *See Maldonado*, 795 F. Supp. 3d at 1153-54 (granting habeas petition in part because there was no showing that public safety or attendance concerns required detention). Respondents previously determined that Petitioner was not a danger when they released him pursuant to the OREC. *See Alvarez-Rico v. Noem*, No. 26-cv-729, 2026 WL 522322, at *6 (S.D. Tex. Feb. 25, 2026) (requiring a pre-detention showing of changed circumstances to revoke an OREC). Respondents state that they now believe Petitioner is a danger, (Doc. No. 6-3 at 2), but they must support that claim. Finally, the burden of providing a hearing is low, especially considering that Respondents claim such a hearing is already pending. (*See* Doc. No. 6 ¶ 10.)

The *Mathews* factors weigh in favor of Petitioner. The Court finds that requiring a bond hearing will balance the interests of Petitioner and Respondents.[3]

---

[3]    Respondents argue that a bond hearing should be rejected because immigration judges lack authority to hear bond requests or grant bond to those in the United States without admission. (Doc. No. 5 at 3-4 (citing *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (B.I.A. 2025)).) But Petitioner's previous release on recognizance allows him to request a hearing. *See Dos Santos Silva v. Warden, Lincoln Cnty. Det. Ctr.*, No. 26-cv-131, 2026 WL 926725, at *2 (D. Neb. Apr. 6, 2026). Further, Respondents assert Petitioner had a pending hearing. They cannot simultaneously provide a hearing and claim it is inappropriate.

## ORDER

Based on the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1.      Petitioner's petition for writ of habeas corpus (Doc. No. [1]) is **GRANTED**.

2.      The Court **DECLARES** that Petitioner's detention without an individualized bond hearing violates his rights under the Due Process Clause of the Fifth Amendment.

3.      Respondents are **ORDERED** to provide Petitioner with a bond hearing before an immigration judge in Minnesota within seven (7) days of the date of this Order.

4.      If Respondents do not provide Petitioner with a bond hearing as required by this Order, Petitioner must be immediately released from detention.

   a.      In the event that Respondents release Petitioner, they must do so: (1) in Minnesota; (2) with all personal documents and belongings, such as his driver's license, passport, other immigration documents, and cell phone; (3) without any new conditions on release, including but not limited to requiring Petitioner to sign a new "Order of Release on Recognizance" or requiring Petitioner to enroll in and complete an "Alternatives to Detention" program; (4) without any tracking devices or use of a tracking application; and (5) with all clothing and outerwear he was wearing at the time of detention, or other proper attire.

b.    In addition, Respondents shall provide reasonable advance notice to counsel to arrange for a safe release of Petitioner.  Petitioner's counsel is Claire Glenn who can be reached at 651-343-4816.

5.    Within ten (10) days of the date of this Order, Respondents shall provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order or, if no bond hearing was held, advise the Court regarding Petitioner's release.

6.    Respondents, or anyone acting in concert with Respondents, are **ENJOINED** from removing, transferring, or otherwise facilitating the removal of Petitioner from the District of Minnesota prior to the ordered bond hearing.

7.    The Clerk of Court is directed to substitute Defendant Todd Blanche for Defendant Pamela Bondi on the docket.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  April 14, 2026                      s/Donovan W. Frank
                                            DONOVAN W. FRANK
                                            United States District Judge

8