**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Osman J.M.A.,

Petitioner,

v.

Todd Blanche, *Attorney General*; Markwayne Mullin, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; and David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*,

Respondents.

Civil No. 26-2123 (DWF/DJF)

**ORDER**

On April 2, 2026, Petitioner Osman J.M.A. filed a petition for a writ of habeas corpus (the "Petition"). (Doc. No. 1.) The Court ordered Respondents to answer the Petition on or before April 6, 2026 at 12:00 p.m. CT, and enjoined Respondents from moving Petitioner from this District pending further order. (Doc. No. 3.) On April 14, 2026, the Court granted the Petition and ordered Respondents to provide Petitioner with a bond hearing. (Doc. No. 8 at 7.) Additionally, the Court enjoined Respondents from "removing, transferring, or otherwise facilitating the removal of Petitioner from the District of Minnesota prior to the ordered bond hearing." (*Id.* at 8.)

On April 15, 2026, Petitioner's counsel attempted to meet with Petitioner to discuss the order for a bond hearing but was informed by Sherburne County Jail staff that Petitioner had been released to U.S. Immigration and Customs Enforcement ("ICE").

(Doc. No. 11 ¶ 1.) She then searched the ICE detainee locator, which showed no results. (*Id.* ¶ 2.) Upon conferral with counsel for Respondents, she learned that Petitioner had been brought before an immigration judge on April 7, 2026. (*Id.* ¶ 5; Doc. No. 13-1.) Respondents reported that Petitioner consented to removal, that the immigration judge entered a final order of removal with appeal rights waived, and that Petitioner has been moved to a detention facility in Louisiana. (Doc. No. 11 ¶ 5; Doc. No. 13-1.) Counsel was able to speak with Petitioner, and he informed her that the immigration judge told him that, because he appeared without an attorney at the hearing, he had no option other than deportation. (Doc. No. 11 ¶ 6.) Petitioner reports that he will be deported on April 23, 2026. (*Id.*) He also reports inhumane conditions at the Louisiana detention center, including no access to showers and no ability to contact loved ones. (*Id.* ¶ 7.)

On April 16, 2026, Petitioner filed an emergency motion for an order to show cause. (Doc. No. 10.) Petitioner contends that the transfer to Louisiana violated the Court's orders enjoining transfer. (*Id.* ¶ 10.) Petitioner further contends that the immigration hearing frustrates the purpose of the Court's order to provide a bond hearing. (*Id.*) Respondents submitted a status report in response to the motion, acknowledging that Petitioner was moved out of Minnesota against the Court's order, but asserting that the violation is being rectified. (Doc. No. 12 at 1.) Respondents assure the Court that Petitioner is being returned to Minnesota as soon as possible, and that Respondents will provide the bond hearing or immediately release Petitioner. (*Id.*) Further, Respondents request until this coming Thursday to respond to the emergency motion. (*Id.* at 2.)

The Court greatly appreciates the prompt updates from both parties. Given that Respondents are rectifying the violation and working to ensure compliance with the Court's orders, the Court reserves ruling on the motion and gives Respondents the requested time to respond. Respondents' status report must provide the results of the bond hearing or, if no bond hearing was held, advise the Court regarding Petitioner's release, as previously ordered. (*See* Doc. No. 8 at 8.)

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Court **RESERVES RULING** on Petitioner's motion for order to show cause (Doc. No. [10]).

2. Respondents are **ORDERED** to file a status report no later than 12:00 p.m. CT on April 23, 2026, explaining the results of any bond hearing conducted or, if no bond hearing was held, advising the Court regarding Petitioner's release.

3. If Respondents fail to timely file the status report, or if the report shows further violation of the Court's orders, the Court will issue an order to show cause why Respondents should not be held in contempt, and a contempt hearing will be scheduled.

Dated: April 17, 2026

s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge