**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Osman J.M.A.,

Petitioner,

v.

Todd Blanche, *Attorney General*; Markwayne Mullin, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; and David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*,

Respondents.

Civil No. 26-2123 (DWF/DJF)

**ORDER**

The timeline of this case is convoluted. On April 2, 2026, Petitioner Osman J.M.A. filed a petition for a writ of habeas corpus (the "Petition"). (Doc. No. 1.) The same day, the Court ordered Respondents to answer the Petition and enjoined Respondents from moving Petitioner from this District pending further order ("the April 2nd Order"). (Doc. No. 3.) On April 7, Petitioner was brought before an immigration judge who ordered him removed. (Doc. No. 13-1.) At some point after that hearing, Respondents then moved Petitioner to Louisiana. (*See* Doc. No. 12 at 1.) On April 14, the Court granted the Petition and ordered Respondents to provide Petitioner with a bond hearing. (Doc. No. 8 at 7.) On April 16, Petitioner filed an emergency motion for an order to show cause due to the transfer and frustration of the Court's order to provide a bond hearing. (Doc. No. 10.) On April 17, Respondents responded,

acknowledging that the movement was a violation of the April 2nd Order and promising to return Petitioner to Minnesota and provide a bond hearing as ordered. (Doc. No. 12 at 1.) Overnight from April 18 to 19, Petitioner was transferred back to Minnesota. (Doc. No. 17.) On April 21, an immigration judge held a bond hearing and denied bond because Petitioner did "not [meet] his burden to establish that he is not a flight risk and that he is not a danger to persons or property." (Doc. No. 20-1.) On April 22, Petitioner filed a renewed motion for an order to show cause arguing that the bond hearing was insufficient. (Doc. No. 18.)

The Court will first address the movement issue. Respondents violated the April 2nd Order by transferring Petitioner from Minnesota to Louisiana. No party disputes that fact. But Respondents have now remedied that violation by returning Petitioner to Minnesota for a bond hearing. (*See* Doc. No. 17.) Accordingly, the original motion for order to show cause (Doc. No. 10) is moot. The Court will not schedule a contempt hearing.

The issue of the bond hearing is more complicated. The Court agrees with Petitioner that the purpose of the bond hearing was frustrated by the removal hearing. Indeed, the immigration judge seems to have relied on the removal order from that removal hearing during the bond hearing. (*See* Doc. No. 19 ¶ 11 ("[Petitioner] was told by the immigration judge that a bond hearing had been 'mandated by habeas corpus,' but that he was not authorized to receive a bond because of his pending order of removal.").) However, the immigration judge did make an independent finding that Petitioner did not establish that he was not a flight risk or a danger to the community. (*See* Doc. No. 20-1.)

Petitioner does not directly challenge either the removal order or the denial of bond. The Court is therefore limited in what it can do. And, due to the removal order, the Court has no reason to believe that release is a proper remedy. *See* 28 U.S.C. § 1231(a)(2)(A) ("During the removal period, the Attorney General shall detain the alien."). Therefore, the Court will also deny the renewed motion.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner's first motion for order to show cause (Doc. No. [10]) is **DENIED AS MOOT**.

2. Petitioner's second motion for order to show cause (Doc. No. [18]) is **DENIED**.

Dated: April 23, 2026

s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge